CONTEMPORARY SERVICES
CORPORATION, Plaintiff—
Appellant,

v.

LANDMARK EVENT STAFFING SER-
VICES, INC., Peter Kranske and Mi-
chael Harrison, Defendants—Appel-
lees.

Nos. 09–56473, 09–56662.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2011.

Filed Oct. 27, 2011.

C. Todd Norris, Esquire, Bullivant
Houser Bailey PC, San Francisco, CA, for
Plaintiff–Appellant.

Melvin N.A. Avanzado, The Avanzado
Law Firm, Los Angeles, CA, for Defen-
dants–Appellees.

Before: HAWKINS and REINHARDT,
Circuit Judges, and COGAN, District
Judge.*

MEMORANDUM **

Plaintiff Contemporary Services Corpo-
ration ("CSC") appeals from the dismissal
of its complaint on preclusion grounds.
We reverse the District Court's decision
and remand the case for further proceed-
ings.

The District Court held that CSC's
claims for trade-secret misappropriation,
unfair competition and computer fraud,
among others, were barred by the entry of
a consent judgment in a prior trade-secret
lawsuit filed in Washington Superior Court
against former CSC and current Land-
mark employee Grant Haskell. We find,
however, that the alleged actions of Land-

---

* The Honorable Brian M. Cogan, U.S. District
Judge for the Eastern District of New York,
Brooklyn, sitting by designation.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

mark and the other defendants in authorizing Haskell's conduct and subsequently utilizing CSC's proprietary information are separate from and additional to those of Haskell in initially misappropriating the information. CSC could have, but need not have, brought all claims in the Washington action. *See Seattle–First Nat'l Bank v. Kawachi,* 91 Wash.2d 223, 226–27, 588 P.2d 725 (1978).

Furthermore, CSC should be allowed the opportunity to amend its complaint to allege sufficient factual matter to comply with the pleading standard enunciated in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). *See Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir.2009).

Finally, the District Court acted within its discretion in denying attorney fees to defendants pursuant to California Civil Code Section 3426.4. *See CRST Van Expedited, Inc. v. Werner Enters., Inc.,* 479 F.3d 1099, 1111 (9th Cir.2007).

REVERSED and REMANDED.